# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BUSINESS PRO COMMUNICATIONS, an Illinois )
corporation, individually and as the representative of a )
class of similarly situated persons, )
                                                                 ) 07 C 499
        Plaintiff, )
)
        v. ) Hon. Charles R. Norgle
)
PANAVISE PRODUCTS, INC., )
)
        Defendant. )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Plaintiff's Motion for Voluntary Dismissal. For the following reasons, the Motion is taken under advisement.

## I. BACKGROUND

Plaintiff Business Pro Communications ("Business Pro"), an Illinois Corporation, asserts claims for violations of the federal Telephone Consumer Protection Act, and Illinois state law claims of conversion and violations of the Illinois Consumer Fraud and Deceptive Business Practice Act. Defendant Panavise Products, Inc. ("Panavise") is a Colorado corporation. Business Pro originally filed this case in the Circuit Court of Lake County, Illinois. Panavise removed this case to the Northern District of Illinois in January 2007.

On April 21, 2008, Panavise filed a motion for Summary Judgment, asserting that Business Pro cannot maintain this action under Illinois law because Business Pro has been involuntarily dissolved. The court set a briefing schedule on Panavise's Motion for Summary

1

Judgment, but Business Pro did not file a response to the Motion. In July 2008, the court ordered the parties to brief the issues of whether the Illinois Survival of Remedy after Dissolution provision and the Illinois Business Corporation Act applied to this case. Panavise timely responded to the court's briefing schedule and asserted accurately that questions of corporate capacity should be determined according to the law of Business Pro's corporate domicile, Illinois. See Centagon, Inc. v. Bd. of Dirs. of 1212 Lake Shore Drive Condo. Ass'n, No. 00 C 1110, 2001 U.S. Dist. LEXIS 19148, at *12 (N.D. Ill. Nov. 21, 2001). Panavise also correctly asserts that, notwithstanding the Illinois Survival of Remedy provision, under Illinois law a court cannot enter judgment for a delinquent corporation that has been involuntarily dissolved. In a case where the Illinois Secretary of State had administratively dissolved the plaintiff corporation for failure to pay state franchise taxes, the Illinois Appellate Court held as follows:

> Although we conclude that Henderson-Smith had the power to file suit for this cause of action despite the fact that it accrued after Henderson-Smith's dissolution, the court should not have entered judgment for Henderson-Smith before it paid its taxes. [Illinois case law], as well as public policy, all establish that a court should not enter judgment for a delinquent corporation.

Henderson-Smith & Assocs., Inc. v. Nahamani Family Service Center, Inc., 752 N.E.2d 33, 41 (Ill. App. Ct. 2001). Until Business Pro is fully reinstated as a corporation, it therefore cannot receive a judgment in its favor in this action. See id.

Apparently conceding the point, Business Pro's attorney did not respond to the court's July 2008 briefing schedule, but rather filed a Motion for Voluntary Dismissal without prejudice pursuant to FRCP 41(a)(2). In this Motion, Business Pro's attorney asserted that he has repeatedly attempted to contact Business Pro's owner, an individual named Roop Patel ("Patel"), in order to advise Patel to reinstate Business Pro as an Illinois corporation. Business Pro's

attorney indicates, however, that he has been unable to contact Patel, and that Patel may have left the country.

The court set a briefing schedule on the Motion to Voluntarily Dismiss, to which Panavise timely responded. In its brief, Panavise asserts that the court should grant Plaintiff's Motion to Voluntarily Dismiss, but Panavise also asserts that the dismissal should be with prejudice. Business Pro did not respond to the court's briefing schedule.

## II. DISCUSSION

FRCP 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Seventh Circuit has held that "under certain circumstances, dismissal with prejudice is a permissible term and condition of dismissal under Rule 41(a)(2)." Marlow v. Winston & Straw, 19 F.3d 300, 304 (7th Cir. 1994). Factors a court may consider in determining whether to dismiss a case under Rule 41(a)(2) with prejudice include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal and the fact that a motion for summary judgment has been filed by the defendant." Ratkovich v. Smith Kline, 951 F.2d 155, 158 (7th Cir. 1991) (quoting Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). When a district court determines that "dismissal with prejudice is the only acceptable means to protect defendants from further harm, then the district court must provide [plaintiff] a reasonable time within which [it] can decide between dismissal with prejudice, or trial on the merits." Marlow, 19 F.3d at 306.

In this case, Panavise asserts that it has expended considerable effort and expense in preparing for trial, that Business Pro has been less than diligent in prosecuting this case, that Business Pro has not sufficiently explained its reasons for requesting dismissal, and that Panavise has filed a Motion for Summary Judgment. See Ratkovich, 951 F.2d at 158. The court finds Panavise's assertions meritorious. Moreover, until Business Pro is reinstated as a corporation in good standing, a trial would be futile, as an involuntarily dissolved corporation may not collect a judgment in Illinois. Henderson-Smith, 752 N.E.2d at 41. The court is therefore inclined to grant Business Pro's Motion to Voluntarily Dismiss with prejudice.

However, the Seventh Circuit has cautioned district courts that a plaintiff who moves for dismissal under Rule 41(a)(2) must be given reasonable opportunity to withdraw its motion in the event the district court grants the motion with prejudice. Marlow, 19 F.3d at 305. The court therefore orders that counsel for Business Pro certify to the court, with supporting documentation, by December 1, 2008, that Business Pro is fully reinstated as a corporation under Illinois law. This is the last and final opportunity for Business Pro to become reinstated so that it can obtain a judgment should it ultimately prevail in this suit. If counsel for Business Pro fails to comply with this order, the court will grant Business Pro's Motion to Voluntarily Dismiss with prejudice. A dismissal with prejudice operates as an adjudication on the merits, and terminates the case. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001).

### III. CONCLUSION

For the foregoing reasons, Business Pro's Motion for Voluntary Dismissal is taken under advisement. Business Pro shall certify to the court, with supporting documentation, by December 1, 2008, that Business Pro is fully reinstated as a corporation under Illinois law. If

4

Business Pro fails to comply with this order, the court will grant Business Pro's Motion to Voluntarily Dismiss with prejudice.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: October 23, 2008